UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 13-11326-RWZ

RAYMOND JAMES FINANCIAL SERVICES, INC.

v.

ROBERT MICHAEL FENYK

ORDER

February 6, 2014

ZOBEL, D.J.

    After petitioner Raymond James Financial Services, Inc., terminated its relationship with respondent Robert M. Fenyk, an arbitration panel awarded respondent $600,000 in back pay and $36,042.03 in attorneys' fees and costs. Docket # 20-2. Petitioner now moves to vacate the arbitration award (Docket # 5), and respondent moves to confirm it (Docket # 20). Petitioner's motion is allowed, and respondent's motion is denied.

    Respondent worked as an independent broker-dealer for petitioner, a securities firm headquartered in St. Petersburg, Florida. In May 2009, petitioner discovered that respondent was abusing alcohol. Given its location, petitioner concluded that it could not adequately supervise respondent, who ran his own branch in Vermont. It terminated respondent on July 1, 2009. On February 15, 2012, respondent filed an

arbitration proceeding alleging petitioner retaliated[1] against him because of his sexual orientation and his disability as an alcoholic, in violation of the Vermont Fair Employment Practices Act, 21 V.S.A. § 495.[2]  Docket # 7-2.  Applying a choice of law clause in the contract the parties signed, Docket # 7-15, R. 000191, the panel determined that Florida law governed the proceeding.  Docket # 20-2.  In its final dispute resolution document, the panel stated that it considered the pleadings, evidence, and testimony in issuing the award, but it provided no legal analysis or explanation of its reasoning.  Petitioner then moved to vacate.

"[T]he scope of judicial review of arbitral awards is very narrow, but that does not extinguish such review."  PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010) (citing Advest, Inc. v. McCarthy, 914 F.2d 6, 8 (1st Cir. 1990)).  The Supreme Court has held that [Federal Arbitration Act ("FAA") §] 10 . . . provide[s] the FAA's exclusive grounds for expedited vacatur" of an arbitration award.  Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 584 (2008).  As relevant here, section 10(a)(4) authorizes a court to vacate an arbitration award "where the arbitrators exceeded their powers."  9 U.S.C. § 10(a)(4).

Respondent's claim alleged a violation of a Vermont statute.  In his post-hearing

---

[1]The parties disagree about whether respondent filed discrimination claims or retaliation claims. His "Statement of Claim" does not specify under which part of § 495 he sued and uses language that appears to conflate the two types of claims.  He does, however, label his claims "First Claim - Retaliation Based on Disability" and "Second Claim - Retaliation Based on Sexual Orientation."  Docket # 7-2, R. 000009-000010.  It thus appears he brought retaliation claims.

[2]Respondent withdrew his sexual orientation claim at the conclusion of the arbitration proceeding, Docket #7-40, R. 001030, and the panel only addressed the retaliation claim based on disability status.  Docket # 20-2.

brief, he moved to add discrimination and retaliation claims under Florida law, Docket # 7-13, R. 000213, but the panel denied the motion. Docket # 7-42. Yet the arbitrators then concluded that Florida law governed the case. Docket # 20-2. Under Florida law, respondent's claim, brought some two and one-half years after the termination of the contract, was barred by Florida's one-year statute of limitations. Fla. Stat. Ann. § 760.11. Nonetheless, the arbitrators ignored that statute and somehow construed Florida law to find a violation of a Vermont statute—a statute which, given the governing law, was wholly inapplicable to the case. Awarding damages to a plaintiff who has pled no claims under the applicable law plainly transgressed the limits of the arbitrators' power. For this reason, the award must be vacated.

    Petitioner's motion to vacate the arbitration award (Docket # 5) is ALLOWED. Defendant's motion to confirm the arbitration award is DENIED. Judgment may be entered vacating the award.

   __February 6, 2014__                   __/s/Rya W. Zobel__
       DATE                                               RYA W. ZOBEL
                                                 UNITED STATES DISTRICT JUDGE